UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ANTHONY RIVERA, a minor under the age of 18 years, by TASHILA RIVERA, Mother, and ANASTASIA BUDWAH, a minor under the age of 18 years, by NELIDA DIAZ, Mother,

PLAINTIFFS,

**COMPLAINT**

**16-CV-7438**

-AGAINST-

NEW YORK CITY, POLICE OFFICER JASON TREGLIA, and POLICE OFFICER ALEXANDER JAVIER-HERNANDEZ, individually, and in their capacity as members of the New York City Police Department,

DEFENDANTS.

------------------------------------------------------------------------ x

**PRELIMINARY STATEMENT**

1. This is a civil action in which Plaintiffs seeks relief for the violation of their rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on February 8, 2016, in which officers of the New York City Police Department acting under color of state law, intentionally and willfully subjected Plaintiffs to *inter alia* false arrest and excessive force.

3. Plaintiffs seek monetary damages (special, compensatory, and punitive) against defendants as an award of costs and attorneys' fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Southern District of New York in that the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

6. Plaintiff Ms. Tashila Rivera ("Ms. Rivera") and minor child, Anthony Rivera ("Anthony"), are both United States citizens.

7. At the time of the incident, Ms. Rivera and Anthony resided at 2037 Belmont Avenue, Apt #16, Bronx, NY 10457. Ms. Rivera and Anthony currently reside at 2374 Webster Avenue, Apt#2S, Bronx, NY 10458.

8. Plaintiff Ms. Nelida Diaz ("Ms. Diaz") and her minor child, Anastasia Budwah ("Anastasia"), are both United States citizens and at all times here relevant both resided at 747 E 168th Street, Apt 2F, Bronx, NY 10456.

9. Anastasia is Anthony's aunt.

10. The City of New York is a municipal corporation organized under the laws of the State of New York.

11. Police Officer Jason Treglia ("PO Treglia") and Police Officer Alexander Javier-Hernandez ("PO Hernandez") are sued in their individual and professional capacities.

12. At all times mentioned, defendants were acting under color of state law under color of the statutes, ordinances, regulations, policies and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

13. On or about Monday, February 8, 2016, at approximately 6:30 pm, Anthony and Anastasia were at the intersection of 179th Street and Belmont Avenue in the Bronx.

14. Ms. Rivera had sent Anthony and Anastasia to pick up pizza for the family.

15. Anthony and Anastasia had picked up the pizza and were on their way back to Anthony's home.

16. Anthony was rapping a song as he walked on the sidewalk.

17. A police car pulled up next to Anthony and Anastasia.

18. PO Treglia asked Anthony if he was threatening the police officers.

19. Anthony was surprised and told PO Treglia that he was not threatening them.

20. PO Treglia then said to Anthony, in sum and substance, "Are you trying to be a tough guy?"

21. PO Hernandez and PO Treglia then exited the police car.

22. PO Treglia asked PO Hernandez if they should handcuff Anthony.

23. PO Hernandez told PO Treglia that it was up to him to decide.

24. PO Treglia then handcuffed Anthony behind his back.

25. Anastasia went to take Anthony's cell phone from him.

26. PO Treglia then struck Anastasia on her left shoulder.

27. Ms. Rivera then arrived at the scene.

28. PO Treglia proceeded to slam Anthony's head onto the trunk of the car.

29. PO Treglia searched Anthony and threw him in the back of the car.

30. Ms. Rivera asked the officers for their badge numbers, but PO Treglia refused to respond and drove off with the door of the car still open.

31. In the police car PO Treglia told Anthony, in sum and substance, "I know where your life is going."

32. Anthony was taken to 48th Precinct.

33. At the precinct, PO Treglia tightened Anthony's handcuffs and lifted them up, causing Anthony severe pain.

34. Anthony asked PO Treglia to loosen the handcuffs, but PO Treglia refused.

35. PO Treglia then searched Anthony Rivera again.

36. Ms. Rivera arrived at the precinct and informed the officers that Anthony was only 14 years old.

37. Anthony was taken to a side room and cuffed to a pole.

38. PO Treglia tightened the handcuffs again.

39. PO Hernandez then came into room and asked Anthony questions regarding his age, weight, and height.

40. PO Hernandez then left the room and PO Treglia came in to watch Anthony.

41. Anthony was held at the precinct for several hours.

42. Eventually Anthony was released without charge.

43. The next day, Anthony went to St. Barnabas Hospital to receive treatment for the injuries to his nose and wrists.

44. Anastasia also went to the hospital to receive treatment for the injury to her left shoulder.

45. Anthony and Anastasia feel traumatized by these events and are wary and fearful when they see NYPD officers. Anthony and Anastasia take efforts to avoid police officers when in public.

## FIRST CAUSE OF ACTION

(42 USC 1983 – Excessive Force)

46. Plaintiffs repeat and reallege each of the preceding allegations of this Complaint as if fully set forth herein.

47. Defendants have deprived Plaintiffs of their civil, constitutional and statutory rights under color of law and are liable to plaintiffs under 42 USC 1983.

48. Defendants have deprived Plaintiffs of their right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants used excessive and unreasonable force in effecting the arrest of Plaintiff.

## SECOND CAUSE OF ACTION

(42 USC 1983 – False Arrest)

49. Plaintiff Anthony Rivera repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

50. Defendants have deprived Plaintiff Anthony Rivera of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff Anthony Rivera under 42 USC 1983.

51. Defendants have deprived Plaintiff Anthony Rivera of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth

Amendments to the United States Constitution, in that Plaintiff Anthony Rivera was falsely arrested by Defendants.

52. Defendants unreasonably and unjustifiably confined Plaintiff Anthony Rivera.

53. Plaintiff Anthony Rivera was aware of, and did not consent to, his confinement.

54. The confinement was not privileged.

55. Plaintiff Anthony Rivera has been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

### THIRD CAUSE OF ACTION

(Failure to Intervene)

56. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

57. Defendant PO Treglia arrested Plaintiff Anthony Rivera without probable cause or legal justification.

58. Defendant PO Hernandez knew, or should have known, that PO Treglia did not have probable cause or legal justification to arrest plaintiff.

59. Defendant PO Hernandez failed to intervene to prevent the arrest of Plaintiff without probable cause or legal justification.

60. Defendant PO Hernandez had sufficient time to intercede and had the capability to prevent the arrest of Plaintiff without probable cause or legal justification.

61. Plaintiff has been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this court

## JURY DEMAND

62. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs respectfully request that the court enter a Judgment against Defendants together with costs and disbursements as follows:

> In favor of Plaintiffs in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this court, for each of Plaintiffs' causes of action;
>
> Awarding Plaintiffs punitive damages in an amount to be determined by a jury;
>
> Awarding Plaintiffs reasonable attorneys' fees, costs and disbursements of this action;
>
> And such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 23, 2016

By:       /s/
Malcolm Anderson (MA 4852)
PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075